UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE N. AVILA, | Case No. 2:24-cv-00690-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court is Plaintiff's Brief seeking an order reversing the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") and an award of benefits. ECF No. 11. The Court reviewed all briefing related to these Motions and finds as follows.

**I.    Background**

Plaintiff filed an application for Supplemental Security Income on September 21, 2017. Administrative Record ("AR") 287-310. This application was denied by initial determination on December 20, 2017, and denied again, after reconsideration, on April 27, 2018. AR 226-29, 230-32, 233-38. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on February 14, 2020. AR 261-280, 111-152. The ALJ returned a decision that Plaintiff was not disabled on September 17, 2020. AR 85-103. Following a denial of review by the Appeals Council, Plaintiff filed a civil action resulting in remand for further proceedings. AR 2645-46. A second hearing was conducted on March 1, 2023 (AR 2546-2609), leading to an unfavorable decision, an appeal, declination of Plaintiff's appeal, and this civil action. AR 2510-2540, 2752-2816, ECF No. 11.

**II.    Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable

1 mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. Discussion

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one

through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps are:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098-99 (internal alterations omitted).

A.     Summary of ALJ's Findings.

There is no dispute that the ALJ followed the five step sequential process when deciding whether Plaintiff is disabled under the Social Security Act (sometimes the "Act"). The ALJ found Plaintiff satisfied step one of the process when she determined Plaintiff had not engaged in substantial gainful activity since September 21, 2017. AR 2515. At step two, the ALJ found Plaintiff

has severe impairments including "cervical spine degenerative disc disease, hip osteoarthritis with history of replacement, osteomyelitis left foot, and chronic obstructive pulmonary disease ('COPD')." *Id*. The ALJ also found Plaintiff suffered from non-severe impairments including "left lung atelectasis, stage IV kidney disease, lymphopenia, hyperbilirubinemia, osteopenia, hypertension, URI, *obesity*, cellulitis, diabetes mellitus with polyneuropathy, leg ulcer, headache, atherosclerosis, gastrointestinal issues, and hallux valgus deformity." AR 2516 (emphasis added). At step three the ALJ found Plaintiff's impairments, individually and in combination, did not meet or medically equal the severity of one of the listed impairments under 20 CFR Part 404, subpart P, Appendix 1 (20 CFR 416.920(d), 416.825 and 416.926) of the Act. AR 2519.

In preparation for step four of the sequential process, the ALJ found Plaintiff has the residual functional capacity ("RFC") as follows:

> to perform light work as defined in 20 CFR 416.967(b) except lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing for 6 hours, walking for 6 hours; and push/pull as much as can lift/carry.[] He can operate foot controls with left foot frequently. The claimant can frequently reach overhead to the left, and frequently reach overhead to the right. For all other reaching he can reach frequently to the left and can reach frequently to the right. The claimant can climb ramps and stairs occasionally, climb ladders occasionally, but no ropes or scaffolds. The claimant can stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. The claimant can never work at unprotected heights, can work around moving mechanical parts occasionally, and operate a motor vehicle occasionally. The claimant can work in humidity and wetness frequently, in dust, odors, fumes and pulmonary irritants occasionally. The claimant can be in extreme cold occasionally, in extreme heat occasionally, and in vibration occasionally.

AR 2520-21. In a footnote, the ALJ added Plaintiff can be on his feet no more than six hours in an eight hour day. AR 2520 n.2. The ALJ stated she considered all of Plaintiff's "symptoms and the extent to which these symptoms … [could] reasonably be accepted as consistent with the objective medical evidence and other evidence …." AR 2521. The ALJ "also considered the medical opinion(s) and prior administrative medical finding(s) …." *Id*.

At step four the ALJ found Plaintiff was unable to perform any past relevant work; Plaintiff had at least a high school diploma; and was 49 years old at the time of his application (an age defined as a younger individual), but "subsequently changed age category to closely approaching advanced age." AR 2528. The ALJ found Plaintiff had no material transferable skills, but considering his age,

4

education, work experience, and RFC, there were jobs in significant numbers in the national economy Plaintiff could perform. AR 2528, 2530. The ALJ discussed the Medical-Vocational Guidelines (20 CFR Part 404, subpart P, Appendix 2) and the testimony of the Vocational Expert ("VE"). AR 2530. At step five, the ALJ found, based on Plaintiff's RFC, age, education, and work experience, "in conjunction with the Medical-Vocational Guidelines," that Plaintiff's ability to perform the full range of light work was "impeded by additional limitations"; however, based on the VE's testimony, Plaintiff would be able to perform the requirements of representative unskilled, light exertional work such as cashier II, price marker, office helper, and mail clerk. AR 2530. On this basis, the ALJ concluded Plaintiff was not disabled. AR 2529.

        B.        <u>Summary of Plaintiff's Arguments and Defendant's Response</u>.

Plaintiff raises two primary issues in his brief seeking reversal and payment of benefits. First, Plaintiff claims the ALJ's RFC determination lacks support of substantial evidence. ECF No. 11 at 5. Plaintiff takes particular issue with the determination that he can stand and walk for six hours in an eight hour day. *Id*. at 6. Plaintiff recounts the finding of a consultive examination from 2017, and medical opinions from 2020, 2022, and 2023 all of which found he could sit and or walk for two or less hours each day. *Id*. at 6-7. Plaintiff returns to this theme after complaining the ALJ ignored his obesity, which he contends is a severe impairment (*id*. at 8), stating longitudinal records show obese people like Plaintiff cannot be on their feet for six hours of an eight hour day. *Id*. at 9. Plaintiff then says the ALJ's RFC conclusion cannot be upheld because the ALJ did not explain how she arrived at her sitting and walking limitations as these findings are "untethered to any medical opinion." *Id*. at 9-10. Raising one more issue, Plaintiff says the ALJ had a duty to develop the record and, "[i]n light of the ALJ's perception of an evidentiary gap between the medical evidence and opinions of record, the ALJ should have reconciled the discrepancy." *Id*. at 10. Plaintiff says none of these errors are harmless because the VE testified that even if Plaintiff was limited to standing and walking two hours a day he could still perform each of the occupations identified. *Id*. at 11-12.

Plaintiff's second argument avers the ALJ did not articulate clear and convincing reasons for discounting Plaintiff's symptom and limitations testimony. *Id* at 13. According to Plaintiff, the

1  ALJ's reliance on Plaintiff's daily activities is error as these activities are not transferable to an
2  ability to work. *Id*. at 15. Plaintiff further says the ALJ's determination that there was a lack of
3  objective findings to support Plaintiff's testimony is error because the absence of objective medical
4  evidence cannot be the sole basis for discounting pain testimony, while it is a factor when assessing
5  Plaintiff's credibility. AR 15-16.

6  The Commissioner focuses on step two of the sequential process arguing the ALJ found
7  Plaintiff suffered from a range of severe impairment; although obesity is not one of them. ECF No.
8  13 at 3. The Commissioner says step two is a "threshold determination" intended to screen out weak
9  claims and not the step at which "impairments that should be taken into account when determining"
10 a claimant's RFC because the RFC "should be exactly the same regardless of whether certain
11 impairments are considered severe or not." *Id*. (internal citation omitted). The Commissioner says
12 the problem here is that while obesity may cause limitations in standing and walking, Plaintiff
13 offered no evidence that his obesity limited either function. *Id*.

14 The Commissioner turns to Plaintiff's arguments regarding his self reported limitations,
15 discussing several medical reports dated in 2009, 2018, and 2019, and arguing these reports support
16 the ALJ's finding that Plaintiff's limitations were not as he claimed. *Id*. at 5. With respect to
17 Plaintiff's daily activities, the Commissioner says only that Plaintiff admitted to working as recently
18 as 2019. *Id*. at 5-6.

19 The Commissioner turns back to the RFC finding arguing Plaintiff asks the Court to reweigh
20 evidence when ample evidence supported the ALJ's conclusions. *Id*. at 7. Finally, the
21 Commissioner argues there is no evidentiary gap and the ALJ must "develop the record further only
22 when the evidence is ambiguous or otherwise inadequate," which is not the case here. *Id*. at 8.

23 In reply, Plaintiff argues the ALJ who heard Plaintiff's case during the first round of
24 proceeding found obesity was a severe impairment and that Plaintiff is still obese. ECF No. 14 at 3.
25 Plaintiff argues that the ALJ's determination in 2023 fails to offer any reasonable explanation for
26 the elimination of obesity as significantly limiting Plaintiff's ability to work. *Id*. at 3-4. Plaintiff
27 also reiterates that the ALJ asserts her own medical opinions to support her RFC. *Id.* at 6-7.

28

Plaintiff further argues that his ability to perform activities of daily living do not undermine his symptom testimony because he does not have to be a "basket case" in order to qualify for benefits. *Id*. at 4. Plaintiff corrects the record demonstrating that he denied working in 2019, and any representation to the contrary is mistaken—a proposition with which the Court agrees. AR 2569-71. Plaintiff points to the Commissioner's argument that "Plaintiff frequently failed to follow up on treatment recommendations …." ECF No. 13 at 6 *citing* AR 2525. A review of AR 2525 does not state Plaintiff failed to follow up for treatment. This portion of the ALJ's decision states Plaintiff's allegations that treatment has been ineffective is belied by the record showing improved left foot symptoms, a lack of treatment for disc disease or hip arthritis, part of which demonstrates that he continues to smoke despite a diagnosis of COPD. *Id*.

### C. The Residual Functional Capacity.

"Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule. … [An] RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8P (S.S.A.), 1996 WL 374184, at *1 (emphasis in original). Further, "while it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity …, it does not follow that the ALJ can substitute his own interpretations of medical records and data for medical opinions." *Mack v. Saul*, Case No. 1:18-cv-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020) (internal citation and quote marks omitted).

Here, Plaintiff complains that the RFC is erroneous because numerous health care professionals found he could not stand or walk for more than 2 hours in an 8 hour day—including Drs. Lagstein in 2017, Paz in 2020, Truman in 2022, and Valdez in 2023—while the ALJ concluded Plaintiff could stand and walk for six hours in an eight hour day. *Compare* AR 2520 n.2 *with* AR 2526-27. The ALJ found each of the medical opinions not persuasive because Plaintiff often presented with a normal gait. *See* AR 2526 paragraphs discussing the consultive examiner and Dr. Paz; AR 2527 paragraphs discussing Dr. Valdez and the state agency medical consultant.

7

The Court finds the ALJ never explains why Plaintiff's gait demonstrates an ability to stand and walk for six hours a day especially given the absence of any discussion regarding the impact of Plaintiff's obesity, even as a non-severe condition. *Id*. The Court further finds that given the consistency of the medical opinions over many years regarding Plaintiff's standing and walking limitation and the ALJ's rejection of all of these opinions, the ALJ's conclusion—solely appearing in a footnote (at AR 2520) stating: "No more than six hours on one's feet in an eight-hour day"—is not supported by substantial evidence.[1]

Separately, the Court notes Plaintiff argues that the VE's testimony regarding jobs Plaintiff can perform is inconsistent with Department of Labor data. ECF No. 11 at 11-12. The Commissioner does not respond to this argument and he therefore forfeits an opposition. *See Latahotchee v. Comm'r of Soc. Sec. Admin.*, Case No. CV-19-05668-PHX-DWL, 2021 WL 267909, at *4 (D. Ariz. Jan. 27, 2021) ("Defendant does not bother to address Plaintiff's argument.... Defendant therefore concedes the correctness of Plaintiff's argument on that point"), *compare* ECF No. 13, generally.

Based on the foregoing, the Court finds the ALJ's RFC determination is not supported by substantial evidence and this matter is remanded for further proceedings on this issue.

D.   Plaintiff's Testimony.

The ALJ must engage in a two-step analysis when evaluating a plaintiff's testimony concerning pain, symptoms, and level of limitation is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of … [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d

---

[1] The Court notes this is not, as the Commissioner argues, a step two error regarding findings of severe and non-severe ailments, but a fundamental failure to support the ALJ's RFC finding with substantial evidence. The Court finds that while the ALJ failed to consider Plaintiff's obesity, there was no error in concluding obesity a non-severe impairment. The Court further concludes no evidentiary gap in the medical evidence.

at 1014-15 (internal citation omitted). An ALJ's finding on this matter must be properly supported by the record and sufficiently specific to demonstrate to a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony. *Thomas v. Barnhart*, 278 F.3d 948, 958 (9th Cir. 2002) (citation omitted). A plaintiff's statement about his pain or other symptoms alone will not establish that he is disabled. 20 C.F.R. § 416.929(a)(1); 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."). A plaintiff is not entitled to benefits under the Social Security Act unless the plaintiff is, in fact, disabled, no matter how egregious the ALJ's errors may be. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Here, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record …." AR 2521. The ALJ identified Plaintiff's specific testimony regarding his pain and limitations[2] (*id*) and then walked through medical evidence she found undermined each of Plaintiff's statements. AR 2522-24. The ALJ also discussed Plaintiff's daily activities citing his ability to "grocery shop, use public transportation, and prepare meals" finding "[t]hese activities indicate a higher degree of functioning and ability to concentrate than [Plaintiff] alleged." AR 2524. The ALJ discussed other factors considered including Plaintiff's written statements and functions reports, and Plaintiff's wife's Third Party Function Report. AR 2521-2525.

The ALJ provided a "sufficiently specific [discussion] to permit the [C]ourt to conclude that the ALJ did not 'arbitrarily discredit'" Plaintiff's testimony. *Bunnell*, 947 F.2d at 345 (internal citation omitted). The ALJ's discussion in this portion of her decision is clear enough to convince the Court that her reasoning is supported by clear and convincing evidence. While the evidence before the ALJ regarding Plaintiff's subjective complaints "may have been subject to more than one

---

[2] The ALJ stated: Plaintiff stated "he had ulcers in his left foot[;] … he has COPD and treats it with a nebulizer[;] … he has constant pain in his hip[;] … he has an inflatable custom boot and it makes his hip hurt[;] … he has to elevate his feet because his feet swell[;] … he cannot lift objects with his left arm[;] … he uses a cane and walker consistently[;] and] ... he … [has] difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, using his hands, remembering, completing tasks, concentrating, and getting along with others …." AR 2521.

9

rational interpretation," the Court must defer to the ALJ's conclusion regarding Plaintiff's subjective complaint testimony. *Batson*, 359 F.3d at 1198, *citing Andrews*, 53 F.3d at 1041.

## IV.   Order

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 11) seeking an order reversing the final decision of the Commissioner is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that this matter is remanded for further administrative proceedings concerning the ALJ's residual functional capacity finding consistent with this Order pursuant to sentence four of 42 U.S.C. 405(g).

IT IS FURTHER ORDERED that except as stated above, Plaintiff's Brief is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must close this case and enter judgment accordingly.

DATED this 14th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE